# EXHIBIT A

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**
**AT NASHVILLE**

| | |
|---|---|
| **RONISE PARKS**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**EFPTR LLC d/b/a EASTERN FINANCIAL PARTNERS and JOHN DOES 1-10**,<br><br>Defendants. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff Ronise Parks ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants EFPTR LLC, doing business as Eastern Financial Partners ("EFPTR") and John Does 1-10 (collectively, “Defendants”), whose identities are not yet known to Plaintiff.

2. This action arises from Defendants’ repeated unsolicited telemarketing calls and additional calls made after Plaintiff expressly requested that Defendants stop calling her, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations.

3. Defendants, on numerous occasions and without request, solicited Plaintiff regarding purported business-loan or debt-restructuring services using her personal cell phone number.

4. After Plaintiff explicitly told Defendants to remove her from its calling list, Defendants continued calling her. Plaintiff brings this action to obtain the statutory and injunctive relief authorized by the TCPA for herself and similarly situated persons.

## PARTIES

5. Plaintiff is a natural person, citizen of Tennessee and the United States. Plaintiff resides in Antioch, Tennessee.

6. The telephone number at issue is Plaintiff's personal/residential wireless telephone number.

7. Defendant EFPTR is a limited liability company that does business as "Eastern Financial Partners." Defendant EFPTR markets merchant-cash-advance and business-debt restructuring or advisory services nationwide.

8. Defendant EFPTR publicly identifies Eastern Financial Partners as EFPTR LLC and maintains a principal business address at 125 Half Mile Road, Suite 200, Red Bank, New Jersey 07701.

9. On information and belief, Defendant EFPTR makes, or causes third-party agents to make on its behalf, outbound telemarketing calls to solicit prospective customers for its services.

10. Defendants John Does 1-10 are those individuals who have participated in the solicitations to Plaintiff and the putative class at the direction of Defendants EFPTR or on behalf of Defendants EFPTR and whose identities are not yet known to Plaintiff. Plaintiff reserves the right to amend the Complaint to name those identified parties, once known.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this action pursuant to Tenn. Code Ann. § 16-10-101. The TCPA expressly authorizes private actions in an appropriate state court, 47 U.S.C. § 227(c)(5).

12. This Court has personal jurisdiction over Defendants because Defendants purposefully directed telemarketing calls to Plaintiff in Tennessee, and Plaintiff's claims arise directly from those Tennessee-directed contacts.

13. Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-104(1) because all or a substantial part of the events or omissions giving rise to Plaintiff’s claims occurred in Davidson County, including Plaintiff’s receipt of the challenged telemarketing calls at her residential wireless telephone number in Antioch, Tennessee.

## BACKGROUND

### The Telephone Consumer Protection Act

14. Congress enacted the TCPA to address invasive and unwanted telemarketing practices and to protect consumers’ privacy interests in their telephones and homes.

15. The TCPA and its implementing regulations require every person or entity that initiates telemarketing calls to residential telephone subscribers to institute procedures for maintaining an entity-specific do-not-call list. 47 C.F.R. § 64.1200(d).

16. Those procedures must include a written policy, personnel training, recording and honoring do-not-call requests, identification of the caller or entity on whose behalf the call is made, and disclosure of a telephone number or address at which the entity may be contacted. 47 C.F.R. § 64.1200(d)(1)-(6).

17. A person or entity must make its written do-not-call policy available upon demand. 47 C.F.R. § 64.1200(d)(1).

18. A residential subscriber’s request not to receive further calls must be recorded and honored within a reasonable time not exceeding ten business days, and the request must be honored for five years from the time it is made. 47 C.F.R. § 64.1200(d)(3), (6).

19. The entity-specific do-not-call protections apply to telemarketing calls made to wireless telephone numbers used for residential purposes. 47 C.F.R. § 64.1200(e).

20. A person who receives more than one telephone call within a twelve-month period by or on behalf of the same entity in violation of regulations prescribed under 47 U.S.C. § 227(c) may seek injunctive relief and statutory damages of $500 per violation. 47 U.S.C. § 227(c)(5). The Court may increase the award to as much as $1,500 per violation upon a finding that the violation was willful or knowing.

21. The specific details of Defendants' written do-not-call policy, personnel training, dialer architecture, lead-management systems, vendor relationships, suppression processes, internal do-not-call lists, and call records are within Defendants' possession and control and will be established through discovery.

**Plaintiff Ronise Parks**

22. Plaintiff has a cellular telephone number ending in 1717 (the "Telephone Number").

23. Plaintiff uses the Telephone Number for personal purposes, as it is her personal and residential wireless telephone number.

24. Plaintiff did not provide the Telephone Number to Defendants for telemarketing purposes, did not request Defendants' services, and has never been a customer of Defendants.

25. Before the challenged calls, Plaintiff had not sought business loans, merchant-cash-advance, debt-restructuring, or advisory services from Defendants and had not consented to receive Defendants' telemarketing calls.

26. Defendants nevertheless repeatedly called Plaintiff to offer assistance lowering or restructuring a purported business loan or Merchant Cash Advance that Plaintiff did not have.

27. Unwanted telemarketing calls are distracting, bothersome, and invasive to Plaintiff. Defendants' calls caused Plaintiff annoyance, expense, frustration, loss of time, and an invasion of her privacy.

**Defendants Engage in Telemarketing**

28. Defendants market merchant-cash-advance and business-debt restructuring or advisory services nationwide.

29. To generate business, Defendants make outbound telemarketing calls or cause third-party agents, vendors, lead generators, or other persons to make such calls on its behalf to solicit prospective customers for its services.

30. The calls at issue were not informational or transactional. They were made for the purpose of promoting Defendants' financial products or services and encouraging Plaintiff to engage Defendants to lower or restructure purported business debt.

31. Defendants' repeated calls to Plaintiff from closely related originating telephone numbers, together with the subject matter of the solicitations, support a reasonable inference that the calls were part of a coordinated telemarketing campaign conducted by or on behalf of Defendants.

32. On information and belief, Defendants used the same or substantially similar telemarketing practices, calling systems, lead-handling procedures, and do-not-call procedures with respect to numerous other persons throughout the United States.

33. Defendants are responsible for the challenged calls whether it placed them directly or caused an agent, vendor, contractor, lead generator, or other person to place them on its behalf.

**Defendants' Telemarketing Calls to Plaintiff**

34. During the course of Defendants' telemarketing campaign, Plaintiff expressly told Defendants in approximately May or June 2026 to remove her from its calling list and to stop calling her.

35. Plaintiff's request was clear and unequivocal and required Defendants to record the request, place Plaintiff's Telephone Number on its entity-specific do-not-call list, and suppress the Telephone Number from further telemarketing calls within the time required by 47 C.F.R. § 64.1200(d).

36. Despite Plaintiff's request, Defendants continued calling her at least three additional times, including multiple calls on June 11, 2026, and another call on July 8, 2026.

36. Plaintiff documented at least the following post-request telemarketing calls from telephone numbers used by or on behalf of Defendants:

a. June 11, 2026, at approximately 10:00 a.m., from (615) 703-7450;

b. June 11, 2026, at approximately 2:21 p.m., from (615) 703-7450; and

c. July 8, 2026, at approximately 10:03 a.m., from (615) 703-7453.

37. The post-request calls concerned the same type of business loan, Merchant Cash Advance, debt-restructuring, or related financial services that Defendants had previously solicited from Plaintiff.

38. Plaintiff did not reinitiate contact with Defendants, request further information, or otherwise withdraw or revoke her instruction that Defendants stop calling her.

39. Defendants' continued calls after Plaintiff's express request demonstrate that Defendants failed to timely and effectively record, communicate, implement, or honor Plaintiff's

entity-specific do-not-call request across the persons and systems used to conduct its telemarketing.

**Plaintiff's Written Cease-and-Desist and Preservation Efforts**

40. On July 8, 2026, at approximately 10:53 a.m., after Defendants again called her, Plaintiff sent Defendants a written cease-and-desist request by email to info@easternfinancialpartners.com.

41. Plaintiff demanded that Defendants cease all telephone contact with her and permanently remove the Telephone Number from its calling, marketing, and contact lists.

42. Plaintiff also began preserving call logs, dates, times, and originating telephone numbers documenting Defendants' post-request calls.

43. Plaintiff's written demand confirmed and reinforced the verbal do-not-call request she had already made in approximately May or June 2026; it was not the first notice to Defendants that Plaintiff did not want further telemarketing calls.

44. Defendants continued calls after Plaintiff's verbal request, followed by Plaintiff's need to repeat that request in writing, support a reasonable inference that Defendants' do-not-call procedures, training, suppression practices, or implementation were deficient.

**Defendants' Entity-Specific Do-Not-Call Practices**

45. On information and belief, Defendants' failure to honor Plaintiff's do-not-call request was not isolated. Publicly reported consumer complaints describe materially similar conduct involving repeated telemarketing calls by Eastern Financial Partners, requests that the calls stop, and additional calls after those requests.

46. Defendants were therefore on notice that its telemarketing practices were generating do-not-call complaints, yet Plaintiff continued to receive calls after her own express request to stop.

47. On information and belief, Defendants apply centralized or substantially uniform written policies, training practices, lead-handling procedures, calling systems, internal do-not-call practices, and suppression procedures to telemarketing conducted by Defendants and persons acting on its behalf.

48. Defendants' records—including call-detail records, lead records, dialer records, suppression lists, internal do-not-call lists, customer-relationship-management records, recordings, vendor records, written policies, and training materials—identify persons who requested that Defendants stop calling but thereafter received additional telemarketing calls.

49. Defendants' repeated post-request calls to Plaintiff from related telephone numbers support a reasonable inference that Plaintiff's do-not-call request was not effectively propagated across Defendants' calling systems, campaigns, agents, vendors, or suppression lists.

50. The details of how Defendants received and processed Plaintiff's do-not-call request, how it distributed suppression information, and why post-request calls continued are within Defendants' exclusive or primary possession and control and will be established through discovery.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action under Rules 23.01 and 23.02 of the Tennessee Rules of Civil Procedure, individually and on behalf of the following proposed class:

> All persons in the United States whose telephone numbers received two or more telemarketing calls from, or on behalf of, EFPTR LLC d/b/a Eastern Financial Partners within four years before the filing of this action through the date of trial.

Excluded from the Class are Defendants; its officers, directors, parents, subsidiaries, affiliates, successors, and assigns; any entity in which Defendants has a controlling interest; the Judge assigned to this case and members of the Judge's staff and immediate family; and any person who timely and validly requests exclusion from any class certified under Tennessee Rule of Civil Procedure 23.03. Plaintiff reserves the right to amend the proposed class definition based on discovery and further investigation.

52. *Ascertainability.* Class Members are readily ascertainable through objective criteria and records maintained by Defendants and its agents or vendors, including call-detail records, lead and CRM records, dialer records, internal do-not-call records, suppression lists, call recordings, written do-not-call policies, training materials, and other telemarketing records.

53. *Numerosity*. The Class is so numerous that joinder is impracticable. Defendants conduct telemarketing campaigns to large numbers of persons and, on information and belief, uses standardized calling, lead-management, and suppression processes. Defendants' centralized records can identify persons who received calls.

54. *Commonality.* Common questions include whether Defendants initiated or caused the challenged calls; whether the calls were telemarketing; whether Defendants maintained and implemented a written entity-specific do-not-call policy; whether Defendants trained telemarketing personnel; how Defendants recorded, communicated, and honored do-not-call requests; whether suppression information was applied across Defendants' calling systems and agents; whether Defendants continued calling persons after do-not-call requests; whether Defendants' conduct was willful or knowing; and the appropriate statutory and injunctive relief.

55. *Typicality.* Plaintiff's claims are typical because she received Defendants' telemarketing calls, made an entity-specific request that the calls stop, and thereafter received

additional calls as a result of the same do-not-call procedures, suppression practices, or lack thereof that applied to other Class Members.

56. *Adequacy*. Plaintiff will fairly and adequately protect the Class. Her interests are aligned with those of Class Members, and she has retained counsel experienced in complex litigation and class actions.

57. *Predominance.* Common questions predominate because liability turns on Defendants' uniform or centralized telemarketing records, written do-not-call policies, training practices, call records, lead-management systems, suppression procedures, vendor practices, and implementation of do-not-call requests rather than individualized conduct by Class Members.

58. *Superiority*. A class action is superior because statutory damages are modest compared with the cost of individual litigation; separate actions would risk inconsistent outcomes; Defendants' records permit common proof of the challenged practices; and a single proceeding promotes efficiency and consistent adjudication.

59. Defendants acted or refused to act on grounds generally applicable to the Class by employing common telemarketing and do-not-call practices, making final injunctive and corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I:
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
## (On Behalf of Plaintiff and the Putative Class)

60. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

61. Plaintiff and Class Members are residential telephone subscribers who received more than one telemarketing call within a twelve-month period made by or on behalf of Defendants.

62. Plaintiff and Class Members made requests to Defendants not to receive further telemarketing calls from Defendants.

63. Under 47 C.F.R. § 64.1200(d), Defendants were required to institute and implement procedures for maintaining an entity-specific do-not-call list, including maintaining a written policy, training telemarketing personnel, recording and honoring do-not-call requests, and properly identifying the entity responsible for each solicitation.

64. Defendants failed to honor Plaintiff's opt-out request and instead continued to place, or cause to be placed, telemarketing calls after those requests.

65. Defendants' conduct violated 47 C.F.R. § 64.1200(d), including the requirement that telemarketers record and honor entity-specific do-not-call requests within a reasonable time not exceeding ten business days.

66. On information and belief, Defendants applied the same written policies, training practices, lead-handling procedures, calling systems, suppression practices, and entity-specific do-not-call practices, or the same absence of compliant practices, to Plaintiff and Class Members.

67. Defendants' repeated calls to Plaintiff after her express request to stop, including calls from related originating telephone numbers, support the reasonable inference that Defendants failed to institute or effectively implement procedures sufficient to communicate and honor do-not-call requests across its telemarketing systems and agents.

68. Defendants' failures are indicative of deficient procedures for maintaining and using an entity-specific do-not-call list, deficient training of telemarketing personnel, deficient implementation of suppression procedures, and/or deficient coordination of do-not-call requests across Defendants' calling systems, vendors, and agents.

69. The details of Defendants' internal do-not-call policies, training, dialer architecture, lead management, vendor relationships, suppression processes, and call records are within Defendants' knowledge and possession and will be the subject of discovery.

70. Defendants' violations were willful or knowing because Plaintiff expressly requested that Defendants stop calling in approximately May or June 2026, Defendants thereafter continued calling her, Plaintiff later confirmed her demand in writing, and Defendants had notice of materially similar complaints regarding calls continuing after do-not-call requests.

71. Plaintiff and Class Members are entitled to statutory damages of $500 for each violation and, for willful or knowing violations, treble damages of up to $1,500 per violation under 47 U.S.C. § 227(c)(5).

72. Plaintiff and Class Members also seek appropriate injunctive relief prohibiting Defendants from continuing telemarketing practices that fail to comply with entity-specific do-not-call requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that the Court enter judgment in her favor and against Defendants and:

A. Certify the proposed Class under Rule 23 of the Tennessee Rules of Civil Procedure, appoint Plaintiff as Class Representative, and appoint her counsel as Class Counsel;

B. Declare that Defendants' conduct violated the TCPA and its implementing regulations;

C. Award Plaintiff and Class Members statutory damages of $500 for each violation, and treble damages for each willful or knowing violation as authorized by 47 U.S.C. § 227(c)(5);

D. Enter appropriate injunctive relief requiring Defendants to comply with company-specific do-not-call requirements;

E. Award costs and such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 17, 2026

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*

J. Gerard Stranch, IV (TN BPR 023045)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com

***Counsel for Plaintiff and the Proposed Class***

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 635270

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

RONISE PARKS

Plaintiff

vs.

EFPTR LLC
125 HALF MILE ROAD
SUITE 200
RED BANK, NJ 07701

Defendant

CIVIL ACTION
DOCKET NO. 26C2492
Method of Service:
Personal Service

Service ID 635270

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 08/17/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: Michael D Butler

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES GERARD STRANCH, IV
223 ROSA L. PARKS AVENUE
STE. 200
NASHVILLE, TN 37203

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

Service ID 635270

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

RONISE PARKS

Plaintiff

vs.

EFPTR LLC
125 HALF MILE ROAD
SUITE 200
RED BANK, NJ 07701

Defendant

CIVIL ACTION
DOCKET NO. 26C2492
Method of Service:
Personal Service

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____________day of ________ ________ ________, 20___, I:

_____ served this Summons and Complaint/Petition on _____________________________ in the following manner:
_____________________________________________________________________________________

_____ failed to serve this Summons within 90 days after its issuance because ______________________________
_____________________________________________________________________________________

_____________________________________________
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 635270

EFILED 08/18/26 03:54 PM CASE NO. 26C2492 Joseph P. Day, Clerk

**JOSEPH P. DAY**
CIRCUIT COURT CLERK
DAVIDSON COUNTY
circuitclerk.nashville.gov

**Circuit Court Clerk**
Historic Court House
1 Public Square, Suite 302
P.O. Box 196303
Nashville, TN 37219-6303
615-862-5181

August 18, 2026

Tennessee Division of Consumer Affairs
P. O. Box 20207
Nashville, TN 37202-0207

RE: Ronise Parks
vs. Docket No. 26C2492
EFPTR, LLC

Dear Sir/Madam:

In accordance with T.C.A. §47-18-109, this is your notice that the above styled Consumer Protection Act Complaint has been filed in the Circuit Court of Davidson County, Tennessee. The enclosed Complaint was filed in our office on August 17, 2026, and has been assigned to the 1st Circuit Court for disposition.

Sincerely,

Joseph P. Day

JPD/mdb

Enclosure

To request an ADA Accommodation, please contact Trey Collier at (615) 880-3309.

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 635270

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

RONISE PARKS

Plaintiff

vs.

EFPTR LLC
125 HALF MILE ROAD
SUITE 200
RED BANK, NJ 07701

Defendant

CIVIL ACTION
DOCKET NO. 26C2492
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 08/17/2026

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: Michael D Butler

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JAMES GERARD STRANCH, IV
223 ROSA L. PARKS AVENUE
STE. 200
NASHVILLE, TN 37203

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 635270

EFILED 09/10/26 02:00 PM CASE NO. 26C2492 Joseph P. Day, Clerk

rev. 09/01/2022

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 635270

STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT

RONISE PARKS

Plaintiff

vs.

EFPTR LLC
125 HALF MILE ROAD
SUITE 200
RED BANK, NJ 07701

Defendant

CIVIL ACTION
DOCKET NO. 26C2492
Method of Service:
Personal Service

Service ID 635270

RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the 24th day of August, 2026, I:

✓ served this Summons and Complaint/Petition on EFPTR LLC in the following manner:

_____ failed to serve this Summons within 90 days after its issuance because

Alan Cohen - Paralegal
Sheriff/Process Server

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

EFILED 09/10/26 02:00 PM CASE NO. 26C2492 Joseph P. Day, Clerk

rev. 09/01/2022

EFILED 09/10/26 02:00 PM CASE NO. 26C2492 Joseph P. Day, Clerk

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Efpter LLC d/b/a Eastern
Financial Partners
125 Half Mile Road Suite 200
Red Bank NJ 07701

9590 9402 0212 6110 7301 42

2. Article Number *(Transfer from service label)*

9589 0710 5270 3994 9830 42

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature]
☐ Agent
☑ Addressee

B. Received by *(Printed Name)* J. VAQ[illegible]

C. Date of Delivery 8·29·26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

Remov

Tracking Number:

9589071052703994983042

Copy Add to Informed Delivery

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 2:49 pm on August 24, 2026 in RED BANK, NJ 07701.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Front Desk/Reception/Mail Room**

RED BANK, NJ 07701
August 24, 2026 2:49 PM

See All Tracking History

What Do USPS Tracking Statuses Mean?

EFILED 09/10/26 02:00 PM CASE NO. 26C2492 Joseph P. Day, Clerk